## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LYNN M. DOOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 1192 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| EVANSTON NORTHWESTERN | ) | |
| HEALTHCARE CORPORATION, an Illinois | ) | Magistrate Judge Nolan |
| Corporation, and SUSAN R. BESAW, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

NOW COME Defendants, EVANSTON NORTHWESTERN HEALTHCARE

CORPORATION (hereinafter Defendant ENH), and SUSAN R. BESAW, an individual

(hereinafter Defendant Besaw), by and through their attorneys, Seyfarth Shaw LLP, and for their

Answer to First Amended Complaint, state as follows:

### Jurisdiction & Venue

### COMPLAINT ¶ NO. 1:

Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Family and Medical Leave Act, 29 U.S.C. §§26122615 ("FMLA"), and Section 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"), arise under federal law.

### ANSWER:

Defendants admit the allegations of paragraph 1, but deny that they violated any rights of

the Plaintiff whatsoever.  Answering further, although no jurisdictional basis is alleged for

Counts IV and V, Defendants admit that the Court has jurisdiction over these pendent claims

because they arise from a nucleus of operative facts common to the federal claims.

**COMPLAINT ¶ NO. 2:**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) as Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

**ANSWER:**

Defendants admit the allegations of paragraph 2 but deny that they violated any rights of

the Plaintiff whatsoever.

## Parties

**COMPLAINT ¶ NO. 3:**

Plaintiff Lynn M. Dooley ("Plaintiff" or "Mrs. Dooley") is a citizen of the United States and resident of the state of Illinois.

**ANSWER:**

Defendants admit the allegations of paragraph 3.

**COMPLAINT ¶ NO. 4:**

Defendant Evanston Northwestern Healthcare Corporation ("ENH" or "Defendants" collectively) is an Illinois corporation which operates an integrated healthcare system including Evanston Hospital in Evanston, Illinois.

**ANSWER:**

Defendants admit the allegations of paragraph 4.

**COMPLAINT ¶ NO. 5:**

Defendant Susan R. Besaw ("Ms. Besaw" or "Defendants" collectively) is a resident of the state of Illinois and employee of ENH.

**ANSWER:**

Defendants admit the allegations of paragraph 5.

## Common Allegations

**COMPLAINT ¶ NO. 6:**

At all relevant times herein, Mrs. Dooley was employed by ENH as a Billing III Coordinator in the Lab Services Department.

CH1 11453952.1

**ANSWER:**

Defendants admit the allegations of paragraph 6.

**COMPLAINT ¶ NO. 7:**

At all relevant times herein, Ms. Besaw was employed by ENH as Manager of Operations in the Lab Services Department and was one of Mrs. Dooley's supervisors.

**ANSWER:**

Defendants admit the allegations of paragraph 7.

**COMPLAINT ¶ NO. 8:**

On Wednesday morning, November 23, 2005, Mrs. Dooley's 10-year-old son Liam Dooley ("Liam") began experiencing serious heart problems and had to be rushed to the emergency room at Lutheran General Hospital. Liam was diagnosed with Idiopathic Dilated Cardiomyopathy, or inflammation of the heart.

**ANSWER:**

Defendants admit the allegations of paragraph 8 on information and belief.

**COMPLAINT ¶ NO. 9:**

Mrs. Dooley called Ms. Besaw the following day, the Thanksgiving holiday, to advise her of Liam's hospitalization.

**ANSWER:**

Defendants admit the allegations of paragraph 9.

**COMPLAINT ¶ NO. 10:**

The next day Mrs. Dooley again called Ms. Besaw to give her an update on Liam's medical condition. Mrs. Dooley told her that Liam could need a heart transplant to survive. Mrs. Dooley also told her that she did not want to lose her job.

**ANSWER:**

Defendants admit that Plaintiff called Ms. Besaw to update her on Liam's medical

condition and told her Liam could need a heart transplant. Defendants deny the remaining

allegations of paragraph 10. Answering further, Ms. Besaw assured Plaintiff that she could take

whatever time off that was needed and she should come in to the office to discuss this when she was able to do so.

## COMPLAINT ¶ NO. 11:

Mrs. Dooley reported to work the following Monday to make arrangements to take time off work to care for Liam.

## ANSWER:

Defendants admit the allegations of paragraph 11.

## COMPLAINT ¶ NO. 12:

Ms. Besaw told Mrs. Dooley to keep coming to work a couple of days a week.

## ANSWER:

Defendants deny each and every allegations of paragraph 12.  Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

## COMPLAINT ¶ NO. 13:

Mrs. Dooley told Ms. Besaw that she did not want to work part time.  Mrs. Dooley told her that she wanted to take a full medical leave because Liam was in dire straits.

## ANSWER:

Defendants deny each and every allegation of paragraph 13.  Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

## COMPLAINT ¶ NO. 14:

Ms. Besaw told Mrs. Dooley that the medical leave would be unpaid so she should at least work part time for some income.

**ANSWER:**

Defendants admit that Ms. Besaw told Plaintiff that her leave would be unpaid.

Defendants deny the remaining allegations of paragraph 14.  Answering further, Plaintiff

requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She

could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule

basis.

**COMPLAINT ¶ NO. 15:**

Ms. Besaw also told Mrs. Dooley that she should take intermittent leave so it would last longer.

**ANSWER:**

Defendants deny the allegations of paragraph 15.  Answering further, Plaintiff requested

to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take

leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 16:**

Ms. Besaw also told Mrs. Dooley that she should work part time in order to be able to pay the premiums on her family's health insurance.

**ANSWER:**

Defendants deny the allegations of paragraph 16.  Answering further, Plaintiff requested

to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take

leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 17:**

Ms. Besaw also told Mrs. Dooley that she should work part time in order to give her mind a "stress break" from having to deal with Liam's medical problems.

CH1 11453952.1

**ANSWER:**

Defendants deny the allegations of paragraph 17. Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 18:**

Mrs. Dooley made it clear to Ms. Besaw that she wanted to take full medical leave to care for her son, but to no avail. Mrs. Dooley finally relented and went on intermittent leave in order to keep her job and her family's health insurance.

**ANSWER:**

Defendants deny the allegations of paragraph 18. Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 19:**

On December 3, 2005, Liam was transferred to Children's Memorial Hospital.

**ANSWER:**

Defendants admit the allegations of paragraph 19 on information and belief.

**COMPLAINT ¶ NO. 20:**

The next day, Liam went into cardiac arrest, was revived, and was put on life-support.

**ANSWER:**

Defendant admits the allegations of paragraph 20 on information and belief.

**COMPLAINT ¶ NO. 21:**

The physicians told Mr. and Mrs. Dooley that if Liam did not receive a heart transplant in the near future, he would not survive. Liam was immediately placed on a waiting list for a donor heart.

**ANSWER:**

Defendants admit the allegations of paragraph 21 on information and belief.

CH1 11453952.1

**COMPLAINT ¶ NO. 22:**

Mrs. Dooley again asked Ms. Besaw to allow her to take full medical leave to be with Liam while he was on life-support.

**ANSWER:**

Defendants deny the allegations of paragraph 22.  Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 23:**

Ms. Besaw again refused to allow Mrs. Dooley to take full medical leave.  Instead, she asked Mrs. Dooley which two days she wanted to work.

**ANSWER:**

Defendants deny the allegations of paragraph 23.  Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 24:**

Mrs. Dooley again relented and said she would work Tuesdays and Thursdays in order to keep her job and her family's health insurance.

**ANSWER:**

Defendants admit that Plaintiff requested to work about two days per week.  Defendants deny the remaining allegations of paragraph 24.  Answering further, Plaintiff requested to work on an intermittent basis and Ms. Besaw explained that this was up to her. She could take leave on a block of time (continuous) basis, or on an intermittent or reduced schedule basis.

**COMPLAINT ¶ NO. 25:**

Mrs. Dooley had difficulty working part time because there was a heavy workload as no one covered for her on the days she was out on leave, and it was hard to focus on work while her son was in the hospital on life-support.

CH1 11453952.1

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to

Plaintiff's subjective state of mind. Defendants deny the remaining allegations of paragraph 25.

Answering further, Defendants' records indicate that Plaintiff only worked six days after her son

was diagnosed with the need for a heart transplant.

**COMPLAINT ¶ NO. 26:**

Some of Mrs. Dooley's coworkers offered to donate vacation days so Mrs. Dooley could
take time off to be with her son, but ENH management would not allow it.

**ANSWER:**

Defendants admit the allegations of paragraph 26. Answering further, Defendant ENH

has no policy permitting co-workers to donate paid time off to other employees.

**COMPLAINT ¶ NO. 27:**

A donor heart was identified on Christmas Day, December 25, 2005, and Liam
underwent successful heart transplant surgery later that day.

**ANSWER:**

Defendants admit the allegations of paragraph 27 on information and belief.

**COMPLAINT ¶ NO. 28:**

The physicians told Mr. and Mrs. Dooley that Liam would be discharged in a few weeks
and would then need to be cared for at home while he continued to recover.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 28.

**COMPLAINT ¶ NO. 29:**

In early January 2006, Mr. and Mrs. Dooley took training classes at the hospital to learn
how to care for Liam when he returned home. For example, the Dooleys were taught and tested
on how to administer the large amounts of medication Liam would require during his recovery at
home and when he returned to school.

8

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

**COMPLAINT ¶ NO. 30:**

Mrs. Dooley again asked Ms. Besaw and Mrs. Dooley's immediate supervisor whether she would be allowed to take full medical leave to care for Liam at home after his discharge from the hospital. Mrs. Dooley explained that home care was not covered by insurance and that her husband had to return to work because he had been off work for several weeks to care for Liam and their other children.

**ANSWER:**

Defendants deny the allegations contained in paragraph 30.

**COMPLAINT ¶ NO. 31:**

Instead of allowing Mrs. Dooley to take full medical leave, Ms. Besaw suggested that Mrs. Dooley try to get some help from Liam's grandparents so she could continue to work.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 31.

**COMPLAINT ¶ NO. 32:**

Mrs. Dooley explained that it was simply not feasible to rely on Liam's elderly grandparents to care for him due to the complexity of the care required and physical requirements such as carrying Liam upstairs.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 32.

**COMPLAINT ¶ NO. 33:**

Ms. Besaw still refused to allow Mrs. Dooley to take full medical leave.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 33.

**COMPLAINT ¶ NO. 34:**

Subsequently, Mrs. Dooley repeatedly asked Ms. Besaw and Mrs. Dooley's immediate supervisor whether she would be allowed to take full medical leave.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 34.

**COMPLAINT ¶ NO. 35:**

Ms. Besaw kept telling Mrs. Dooley, "Don't worry," but no one from ENH ever told her that her request for full medical leave to care for Liam at home would be granted.

**ANSWER:**

Defendants admit that Ms. Besaw told Plaintiff not to worry.  Defendants deny the

remaining allegations in paragraph 35.

**COMPLAINT ¶ NO. 36:**

Given that Liam's discharge from the hospital was imminent and Ms. Besaw and ENH refused to approve her request for full medical leave, Mrs. Dooley believed she had no other choice but to resign her employment in order to care for Liam.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief that Liam's

discharge from the hospital was imminent.  Defendants deny the remaining allegations of

paragraph 36.

**COMPLAINT ¶ NO. 37:**

Mrs. Dooley typed a letter of resignation with an effective date of January 11, 2006, and attempted to deliver it to her immediate supervisor on January 9, 2006.  Mrs. Dooley discovered that her immediate supervisor was out of the office so she went to Ms. Besaw's office to deliver the letter.

**ANSWER:**

Defendants admit that Mrs. Dooley submitted a typed letter of resignation to Ms. Besaw

with an effective resignation date of January 11, 2006.  Defendants are without knowledge or

information sufficient to form a belief as to the allegation that Mrs. Dooley attempted to deliver

it to her immediate supervisor on January 9, 2006, or that she discovered her immediate

supervisor was out of the office.

CH1 11453952.1

**COMPLAINT ¶ NO. 38:**

Ms. Besaw read the letter and asked Mrs. Dooley why she was resigning.

**ANSWER:**

Defendants admit the allegations of paragraph 38.

**COMPLAINT ¶ NO. 39:**

Mrs. Dooley explained to Ms. Besaw again that she had no choice but to resign because no one at ENH would approve her request for full-time medical leave and Liam would be coming home from the hospital within the next few days.

**ANSWER:**

Defendants admit that Mrs. Dooley told Ms. Besaw that Liam would be coming home

from the hospital in a few days.  Defendants deny the remaining allegations of paragraph 39.

**COMPLAINT ¶ NO. 40:**

Instead of approving Mrs. Dooley's request for full medical leave, Ms. Besaw asked her whether she had considered taking a "zero-hours" position.  An employee in a "zero-hours" position works without benefits to cover for absent employees.

**ANSWER:**

Defendants admit that Ms. Besaw asked Mrs. Dooley if she would be interested in a zero

hours position, and that a zero hours position employee works without benefits to cover for

absent employees.  Defendants deny the remaining allegations of paragraph 40.

**COMPLAINT ¶ NO. 41:**

Since her request for full medical leave had still not been approved, Mrs. Dooley was forced to go ahead with her resignation.

**ANSWER:**

Defendants deny each and every allegation of paragraph 41.

**COMPLAINT ¶ NO. 42:**

Mrs. Dooley worked on January 11, 2006, which was her last day with ENH.  Her health insurance and other ENH benefits terminated on or about January 11, 2006.

CH1 11453952.1

**ANSWER:**

Defendants admit the allegations of paragraph 42, except that Mrs. Dooley's health

benefits continued through March 1, 2006.

**COMPLAINT ¶ NO. 43:**

Liam was discharged from the hospital and Mrs. Dooley began caring for him at home on
January 16, 2006.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 43.

**COMPLAINT ¶ NO. 44:**

In or about February 2006, Mrs. Dooley received a phone call at home from an ENH
human resources employee who said she had some questions regarding Mrs. Dooley's medical
leave.  She asked Mrs. Dooley whether she wanted to take full or intermittent leave.  Mrs.
Dooley explained to the employee that she had to resign in January 2006 in order to care for her
son.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 44.

**COMPLAINT ¶ NO. 45:**

Mrs. Dooley and Ms. Besaw, and Mrs. Dooley and ENH, entered into separate tolling
agreements effective November 27, 2007.  Pursuant to said agreements, all claims set forth
herein are deemed timely filed.

**ANSWER:**

Defendants admit the allegations of paragraph 45.

CH1 11453952.1

## COUNT I

## FMLA INTERFERENCE AGAINST BOTH DEFENDANTS

**COMPLAINT ¶ NO. 46:**

Mrs. Dooley was an eligible employee under the FMLA.

**ANSWER:**

Defendants admit the allegations of paragraph 46.

**COMPLAINT ¶ NO. 47:**

ENH is a covered employer under the FMLA.

**ANSWER:**

Defendants admit the allegations of paragraph 47.

**COMPLAINT ¶ NO. 48:**

Ms. Besaw is subject to individual liability under the FMLA for her actions described herein.

**ANSWER:**

Defendants deny each and every allegation of paragraph 48.

**COMPLAINT ¶ NO. 49:**

Liam suffered from a serious health condition for purposes of the FMLA.

**ANSWER:**

Defendants admit the allegations of paragraph 49.

**COMPLAINT ¶ NO. 50:**

Mrs. Dooley was entitled to take full leave under the FMLA to care for Liam.

**ANSWER:**

Defendants admit that Plaintiff was entitled to take up to 12 weeks of leave under the

FMLA, that it could have been taken on a "full leave" (consecutive) basis, and that caring for

CH1 11453952.1

Liam was a qualifying FMLA event.  Answering further, Plaintiff specifically requested to take

leave on an intermittent basis.

## COMPLAINT ¶ NO. 51:

Defendants Besaw and ENH willfully interfered with Mrs. Dooley's substantive rights under the FMLA in several respects including, but not limited to, by:  failing to give her proper notice of her rights under the FMLA; evading and failing to answer her questions about FMLA leave; dissuading her from exercising her rights under the FMLA, including her right to take full medical leave; refusing to allow her to take full medical leave; and forcing her to resign her employment and lose her health insurance and other benefits in order to care for Liam.

## ANSWER:

Defendants deny each and every allegation of paragraph 51.

## COMPLAINT ¶ NO. 52:

As a direct and proximate result of Defendants' unlawful conduct, Mrs. Dooley suffered damages.

## ANSWER:

Defendants deny each and every allegation of paragraph 52.

## COUNT II

## FMLA DISCRIMINATION/RETALIATION AGAINST BOTH DEFENDANTS

## COMPLAINT ¶ NO. 53:

Plaintiff incorporates by reference paragraphs 1 through 52 as though fully set forth in this Count II.

## ANSWER:

Defendants incorporate by reference their answers to paragraphs 1 through 52 as though

fully set forth in their answer to Count II.

## COMPLAINT ¶ NO. 54:

Ms. Besaw and ENH willfully discriminated and retaliated against Mrs. Dooley by engaging in the willful misconduct described above because she had exercised and attempted to exercise her rights under the FMLA.

**ANSWER:**

Defendants deny each and every allegation of paragraph 54.

**COMPLAINT ¶ NO. 55:**

As a direct and proximate result of Defendants' unlawful conduct, Mrs. Dooley suffered damages.

**ANSWER:**

Defendants deny each and every allegation of paragraph 55.

## COUNT III

### ERISA SECTION 510 CLAIM AGAINST DEFENDANT ENH

**COMPLAINT ¶ NO. 56:**

Plaintiff incorporates by reference paragraphs 1 through 55 as though fully set forth in this Count III.

**ANSWER:**

Defendants incorporate by reference their answers to paragraphs 1 through 55 as though

fully set forth in their answer to Count III.

**COMPLAINT ¶ NO. 57:**

Mrs. Dooley was qualified for her job and was a member of ENH's group health insurance plan which is a self-funded ERISA plan.

**ANSWER:**

Defendant ENH admits the allegations of paragraph 57.

**COMPLAINT ¶ NO. 58:**

Mrs. Dooley and the other members of her family, including Liam, were beneficiaries of the plan.

**ANSWER:**

Defendant ENH admits the allegations of paragraph 58, except that Plaintiff was a

participant under the plan and her covered family members were beneficiaries.

**COMPLAINT ¶ NO. 59:**

Defendants knew that Liam's future medical care, which will likely include another heart transplant, will be extremely expensive.

**ANSWER:**

Defendant ENH denies the allegations of paragraph 59.

**COMPLAINT ¶ NO. 60:**

Defendants engaged in the willful misconduct described above with the intent to cause Mrs. Dooley's employment to terminate thereby depriving her of health insurance benefits.

**ANSWER:**

Defendant ENH denies each and every allegation of paragraph 60.

**COMPLAINT ¶ NO. 61:**

As a direct and proximate result of Defendants' unlawful conduct, Mrs. Dooley suffered damages.

**ANSWER:**

Defendant ENH denies each and every allegation of paragraph 61. Answering further,

monetary damages are not recoverable under ERISA Section 510.

**COUNT IV**

**INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS AGAINST BOTH DEFENDANTS**

**COMPLAINT ¶ NO. 62:**

Plaintiff incorporates by reference paragraphs 1 through 61 as though fully set forth in this Count IV.

**ANSWER:**

Defendants incorporate by reference their answers to paragraphs 1 through 61 as though

fully set forth in their answer to Count IV.

**COMPLAINT ¶ NO. 63:**

Defendants' conduct described herein was extreme and outrageous.

CH1 11453952.1

**ANSWER:**

Defendants deny each and every allegation of paragraph 63.

**COMPLAINT ¶ NO. 64:**

Defendants either intended to inflict severe emotional distress or knew that there was at least a high probability that their conduct would inflict severe emotional distress upon Mrs. Dooley.

**ANSWER:**

Defendants deny each and every allegation of paragraph 64.

**COMPLAINT ¶ NO. 65:**

Defendants' conduct directly and proximately caused Mrs. Dooley to suffer severe emotional distress.

**ANSWER:**

Defendants deny each and every allegation of paragraph 65.

## COUNT V

### TORTIOUS INTERFERENCE WITH EMPLOYMENT EXPECTANCY AGAINST DEFENDANT SUSAN BESAW

**COMPLAINT ¶ NO. 66:**

Plaintiff incorporates by reference paragraphs 1 through 65 as though fully set forth in this Count V.

**ANSWER:**

Defendant Besaw incorporates by reference her answers to paragraphs 1 through 65 as

though fully set forth in their answer to Count V.

**COMPLAINT ¶ NO. 67:**

At all relevant times herein, Mrs. Dooley had the reasonable expectation of continued employment with ENH.

**ANSWER:**

Defendant Besaw is without knowledge or information sufficient to form a belief as to

Plaintiff's subjective expectations

CH1 11453952.1

**COMPLAINT ¶ NO. 68:**

Defendant Besaw knew of Mrs. Dooley's reasonable expectation of continued employment with ENH.

**ANSWER:**

Defendant Besaw denies each and every allegation of paragraph 68.

**COMPLAINT ¶ NO. 69:**

Without lawful justification, Defendant Besaw intentionally and willfully interfered with Mrs. Dooley's employment expectancy and prevented it from ripening solely for her own benefit and/or to injure Mrs. Dooley.

**ANSWER:**

Defendant Besaw denies each and every allegation of paragraph 69.

**COMPLAINT ¶ NO. 70:**

As a direct and proximate result of Defendant Besaw's unlawful conduct, Mrs. Dooley suffered damages.

**ANSWER:**

Defendant Besaw denies each and every allegation of paragraph 70.

## FIRST AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith so as to make any award of liquidated

damages inappropriate under the Family and Medical Leave Act.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust claim and appeal remedies under the ERISA plan at issue and

therefore her claim under ERISA section 510 is barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim of intentional infliction of emotional distress against both Defendants is

barred by the Worker's Compensation Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim of intentional infliction of emotional distress against both Defendants is preempted by the Family and Medical Leave Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with employment expectancy is preempted by the Family and Medical Leave Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with employment expectancy fails to state a claim upon which relief can be related.

WHEREFORE, Defendants deny that they have violated any rights of the Plaintiff whatsoever and pray that the Court dismiss this Complaint in its entirety and grant Defendants such other relief as the Court deems just and equitable.

**DATED: April 8, 2008**

Respectfully submitted,

EVANSTON NORTHWESTERN
HEALTHCARE CORPORATION AND
SUSAN BESAW,

By  /s/ Ronald L. Lipinski
    One of  Their Attorneys

Ronald L. Lipinski
Meagan C. LeGear
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

19

CH1 11453952.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, do hereby certify that on this 8th day of April, 2008, I electronically submitted the foregoing DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael J. Merrick
Merrick Law Firm, LLC
150 North Michigan Ave., Suite 2700
Chicago, Illinois 60601


/s/  Ronald L. Lipinski